Call the first case. Call the second case, please. 162478 Gerald McCarthy v. Marley Woods We're on our time for Woods. Attorney for the Plaintiff Appellant, Gerald McCarthy. As a matter of housekeeping, I would like to tender a minor corrections to the Appellant's brief where the point of authorities was lacking the page numbers, so I had stopped into the court this morning to the clerk's office and they said I could tender it to Your Honors this morning. This was filed. This is a minor correction. Yes, but was it filed? We can't take it until you file it. Okay, that's fine. I shall do so. Your Honors, I'd like to reserve two minutes for rebuttal. I'll be fine. This case is about Mr. McCarthy's right to receive benefits under a trust that was left by Mr. A.L. Reynolds. Mr. Reynolds died in 2012 and in 2013, Mr. McCarthy filed a complaint that was adjudicated to his end, after which he was the beneficiary of the trust. In 2014, he filed the present complaint because he had not yet received any of the benefits that were due to him as a beneficiary of the trust at that time. It's important to note that the Appellee, Mr. Gray, was the attorney for Mr. Reynolds at the time of his death, as well as the attorney for the trust following Mr. Reynolds' death. None of the beneficiaries at the time of the 2014 complaint had received, to our knowledge, any of the benefits that were due to them under the trust, and to date, Mr. McCarthy has not yet received any benefits that are due to him. So the case this morning is actually not about the technical aspects of the trust, but rather the disbursements of the assets of the trust and accounting and what we believe to be a mismanagement of the trust's assets. And only portions of Mr. McCarthy's complaint have been found to substantiate a motion for sanctions. So this case is really about the distribution of assets, and we find that there are multiple errors in both the lower court's dismissal of several counts, as well as its granting of motions for sanctions. We find that there are four very important errors, one being that the motion for sanctions rests on the doctrine of res judicata, stating that there is no basis in law because of res judicata. Secondly, we find that even if substantively the motion does have a basis procedurally, it lacks and is based on certain errors that we can point out. Thirdly, that a motion, or a count rather, that is dismissible does not necessarily make it sanctionable. And then finally, the lower court has awarded the appellee attorney's fees, and we find that attorney's fees are improper when an attorney pro se litigant is representing himself. As it relates to the first issue of res judicata, the motion for sanctions was based on the fact that the appellant had not alleged a good faith basis. Yes. What case says that a pro se litigant is not entitled to attorney's fees? So the attorney's fees is relying on the line of cases from Hammer Labor Printers and Kehoe that said that there would be no attorney's fees, and while we find that there are attorney's fees that are appropriate in some instances, there's no case law to support that there is an award of attorney's fees for pro se litigants who are also attorneys. The question was what case says that a judge cannot award attorney's fees to an attorney who represents himself pro se. So there is, even the lower court says that there is no case law that states that. There is an absence of case law that says that you can not award attorney's fees to an attorney who represents himself pro se. There is no case law to support that. And I'm sorry, maybe I'm not understanding Your Honor's question. No. I mean, my question is pretty clear. Okay. We're just trying to find out what the status of the law is in this case. It is our position. I'm sorry. We should, but we're trying to figure out what it's based on. So we're basing our position rather that the lower court says that there's an exception. And we don't see that this is being an exception. There is no case law that says an attorney that's representing themselves pro se can get attorney's fees. The rule says that a proper sanction would award reasonable expenses for the offending pleading. And we argue that reasonable expenses do not include attorney's fees. So you're relying on the Hammer case and the line of cases that fall from it. Yes, Your Honor. Hammer, Label, Prentice, and Kehoe. And they all relied on Hammer that an attorney who represents himself or herself are not entitled to fees in those particular circumstances. In those particular circumstances. In the lower court, since there was no precedent for an attorney receiving attorney's fees. Under Rule 137. Under Rule 137, the lower court says since there was an absence of case law to support that, but it felt as though that Mr. Gray was entitled to some relief, that it would still grant attorney's fees based on what he proposed using the Lone Star Method. It's our position. I'm sorry. You said the trial court found an exception. They created the exception. Tell me what this exception, how this was labeled, and how this was described. And an exception to what? Sure. Absolutely. No problem. Allow me to confirm. So with regard to the fees, when the lower court could find no case law to support that in a Rule 137 case, in the record on page C556, the lower court states that there's no case law that applies when pro se litigants who are also attorneys. But even in the absence of case law regarding fees in a Rule 137 context, the lower court still awarded Mr. Gray attorney's fees and explains that her reasoning was because she believed that Mr. Gray was due something for his time that he spent defending himself against a frivolous complaint and that her ruling would prevent a windfall for Mr. McCarthy that he was not entitled to. So what would be the windfall? I don't know because I don't agree with that position. I'm not sure what the windfall would be. There would be none, especially in the sense that Mr. McCarthy hasn't even received the benefits that I trust. I suppose she's saying it's a windfall because if Mr. Gray had chosen to hire an attorney, there would be no question that he would get fees. And perhaps, and I don't know because this is not explained, that Mr. McCarthy, because he would not be ordered to pay the amount of the award, that would somehow result in a windfall for him. That is not our position. More importantly for us, the doctrine of res judicata upon which the lower court bases its sanctions says that the error of law or the misapplication of no good faith basis in the law rests on res judicata. Res judicata has three elements that have not been analyzed either by Mr. Gray nor by the lower court. There's a final judgment, same parties and same issues. Yes, there was a final judgment, but it's clear that these were not the same arguments that were heard before Judge Garcia. Mr. Gray was not a party in that action. So the analysis should stop there. But instead the court goes on to look at the same cause. Did the court find that the lawyer was in privity with one of the parties in that case? At that time, at the time of Garcia, Mr. Gray was the attorney for the decedent. It had not yet been ruled on, so the trust which he is now the attorney for had not yet taken place. Mr. Gray admits that he's not a party to that case and the lower court even states it in their orders as well, so that does not seem to be an issue of debate. What seems to be the issue is the matter of whether or not this is the same cause. In an earlier motion where one of the defendants in the previous case, Defendant Taylor, who's the successor trustee, she filed a motion to dismiss Mr. McCarthy's allegations that he should be removed as the successor trustee. In the lower court's order, it ruled that she could not allege res judicata because it was not the same cause, that the matters that were being addressed before Garcia had to do with the validity of the trust and the matter that was before Judge Pantel that Mr. McCarthy was alleging was the distribution and the mismanagement of the trust assets and those were not the same cause. So if the lower court ruled that it was not the same cause in that instance, then it cannot be the same cause in this instance. So it's our position that the theory of res judicata does not apply so substantively the motion for sanctions is unfounded. But even if the substance of the motion for sanctions was still grounded, procedurally we find that this is improper in that Mr. McCarthy was never granted an opportunity to be heard on this motion for sanctions. The lower court argues that because this is based on the motion to, Mr. Gray's previous motion to dismiss the counts of breach of fiduciary duty and tortious interference, that Mr. McCarthy had the time and the opportunity to make those arguments then, but that he could not get another opportunity to make those same arguments in the motions for sanctions. And I do not believe that that is what the court really intends. Mr. McCarthy should be granted an opportunity to be heard on the motion for sanctions as well as he was not given an opportunity to amend the count for tortious interference. It was dismissed with prejudice. So his only opportunity to even argue against that count was in his motion to reconsider. Thirdly, we indicate that we do not believe that a dismissible pleading is the same as a sanctionable one. Sanctions are reserved for the most egregious of errors. The tortious interference count was not what Mr. Gray had originally pled in his motion for sanctions. He pled a breach of fiduciary duty. However, the lower court reached back to a previous allegation, changed her ruling in a corrected order as well as in her order to motion for reconsideration and indicated that she had made a mistake and that her grounds for granting sanctions was not on the breach of fiduciary count but rather on the count of tortious interference. That being said, while that count was dismissed, it does not mean that we get a second ballot at Apple and Mr. McCarthy should then be sanctioned for that same count. And then lastly, we already discussed the attorney's fees. Can I back up to the raised judicata? Certainly. Raised judicata is not necessarily limited to identical causes of action but also to any claims or actions that you could have raised in the initial action. What about that? So one, you are completely right of course, Your Honor. They can be related, but in this instance we already have a ruling from the same court that says that these are not the same causes of action. So even without our argument, the lower court stated in another issue related to raised judicata that the issues raised in front of Garcia were related to the validity of the trust. The technical aspects of the trust have never been at issue. In this complaint the issues are merely about the disbursement and the distribution of the trust assets. Okay, but at the time that initial suit was filed, could these claims have been brought? Absolutely not. Why is that? These claims could not have been brought because the activities  that were being made in the very first one had to do with all of the activities that took place prior to that. Had we been afforded an opportunity to amend the tortious interference count, we would have made that more clear and made that more eloquent, but the activities that appear in the complaint before Judge Pantel are relegated to after the Garcia ruling. And those are made clear. We discuss the lack of listing and selling the real property that's in the trust, the deprivation of distributing the trust assets. These are all things that would have taken place after Garcia. So it would not have been proper to bring these same issues. So they only came up after the validity of the amendment? That is correct, Your Honor. It had been found valid. That is correct. And then we went on with the management of the trust. That is correct, Your Honor. So the first issue had to do with the validity of the trust. The second complaint had to do with what happened after that ruling. Let me ask you this. Authentically speaking, had the pro se litigant decided in the trial that they wanted to have an attorney to represent them, do you disagree or agree that in the 137 that they might have been entitled to attorney's fees? Yes, Your Honor, they may have. But in this instance, the attorney is representing himself. I'm sorry? What is the difference between Mr. Grape being entitled to attorney's fees? If a pro se person who secures an attorney might be entitled to it, why is he not entitled? If someone hires an attorney, they are making an expense. They are creating an expense. Did you say that there were no expenses that he incurred? In fact, I'm sure I read in the record they were talking about the time out of his office and the various expenses that he incurred as attorney in this case. Respectfully, Your Honor, in the absence of any case law, awarding attorneys attorney's fees for their time expended, I think we would be opening the floodgates to a future abuse. While we do admit that Mr. Grape did expend some time and energy defending himself, this is one count of a five count complaint. It is disproportionate that he be granted all that he was asking for in the amount of fees and costs for just a single count. That's a different issue. I'm talking about whether or not he would be entitled or not. How much he would have been entitled to. We do not, it is not our position that an attorney representing themselves as a post-state litigant is entitled to receive attorney's fees. Costs, yes. Reasonable expenses, yes. But not attorney's fees in the absence of any law to support that. Thank you. Your time is up. We'll give you two minutes. Thank you, Your Honors. Counsel. We want five minutes over, so if you choose to have an additional amount of time, you'll have up to 20 minutes. First of all, let me just say this. I thought she was talking about a table of contents here. This is a number of documents. I had not had a chance to look through those. They have not been filed, so we can't reveal anything that's not already on the record. I'm sorry. My name is Marvin Gray. And I was retained brief history by Mr. Al Reynolds who I trust years ago. Al Reynolds brought a handwritten changed trust, trust changed by his own handwriting to me and later died that day. I was retained by the person he had named in the handwritten interventions as his successor trustee that changed the trust document or contents from the previous trustee, successor trustee that he had named in the typewritten document. The changes that he made by hand before he died diminished and lessened Gerald McCarthy's share of the trust proceeds. Gerald McCarthy thereafter filed suit against the second successor trustee Rosalind Taylor that he had named by hand and other folks that I was involved in that case defending Rosalind Taylor because she had retained me to be a trust lawyer. In that case, there was testimony, including my own testimony because he brought the handwritten changes to me before he died and I had to speak to that to the court. The essence of that case was whether those handwritten interlinearations made valid changes to the trust. Rosalind Taylor position was that the trust was properly amended and after all the testimony was said and completed Judge Garcia agreed with Rosalind Taylor and said the handwritten changes changed the trust, which meant that the lessened and diminished share of Gerald McCarthy was valid. Thereafter let me, before I go to thereafter that meant that the changes were valid, the lessened share was valid and at that proceeding, by the way, there was no accusation that any of the witnesses, including myself lied before the court, misrepresented himself before the court, or otherwise testified improperly. After that case was over, Mr. McCarthy took it to the appellate court, to this court, and after its ruminations, it found that the trial court was correct. That is to say, the handwritten changes were valid and the results thereof to which the lesser amount going to Gerald McCarthy was also valid. Mr. McCarthy then files an action against me and Rosalind Taylor all over again. I was not involved in the first action formally except as her lawyer, but I was involved in the second action as a defendant. Now the second action this case is an anomaly in many respects, but it really is very simple in spite of all of its curlicues and expansion since its inception. The inception case that Mr. McCarthy filed asked only two questions. Whether I, as lawyer for the trust, had a fiduciary duty to him. Beyond my retention as lawyer for the trust, he asserted I had a fiduciary duty to him as a beneficiary. And that I pulled many false pleadings before Judge Garcia. Now, the reason why it's so simple is because Mr. McCarthy is a lawyer and has been a lawyer for a long time. A little bit of research would have revealed to him that if a lawyer is hired by a given trust and the beneficiary files an action against that trust, the lawyer's loyalties are to that trust alone. Short of that action being filed by a beneficiary, a lawyer may be looked to make sure that the beneficiary's benefits are observed and correctly and properly provided. But when that beneficiary files an action against the trust, the lawyer's duties and loyalties are to that trust alone. If he had done that bit of research, which is fairly well simple, that would have knocked out the reason to file the case with respect to fiduciary duty. A bit more research, perhaps done first, because it's really simpler, said once there is a hearing before a trial judge, before the trial of fact, and it comes to a conclusion, it is not proper to expect that another forum will supersede or act as an independent court to that first trial of fact. Okay, the counsel says that it deals with things that could not have been raised by that lawyer. His first complaint was that the defendant, Marvin Vetter, first of all, first one was count four. He had fiduciary duty to Ms. McConklin, but count five, the defendant Marvin Vetter made false statements at the previous hearing. What about mismanagement of the asset? Well, that's an interesting subject of research also. It depends on whether he wants to go further in terms of research. There is no indication that I managed the trust. The trustee managed the trust. I was the trustee's lawyer. Okay, but that doesn't mean that that wouldn't fall within race judicata. How does it fall within race judicata? No, no, what falls within race judicata is the fact that the hearing with respect to the false statements allegation was race judicata as far as that's concerned. Now, what has been happening here, though? The reason why this matter is so confusing to me, and I took pains to try to make it clear to you, and it was confusing to the trial court judge, I believe, is because other means have been coming through, other supposed causes of action that were never fleshed out. But the claim that Mr. McConklin made is that I had fiduciary duty to him, and that I made false statements before Judge Garcia. That should clearly be, it should clearly remind him that race judicata covers that situation. But he filed it anyway. I filed a motion to dismiss. How about the mismanagement of funds after the whole initial suit was finalized? Yes, yes. Good point. With respect to Marvin Gray, there were never any facts saying anything about I had a responsibility to manage the funds, or I mismanaged it. Okay, but that would be failure to state a cause of action. Tell me how race judicata would prevent that litigation. I didn't say race judicata caused making false statements before the court. So this case was just, we're here on race judicata. No, no, no, no, no, we aren't. Because that's a fiduciary duty aspect. That's count forward. Race judicata refers to making false statements before Judge Garcia's court. Okay. That's all. That's all. And we'll talk about the confusion of that. I'm with you. Later on. Okay. So we have been the complaint alleging fiduciary duty and race judicata. I'm sorry. And false statements before Judge Garcia. I threw you off, I'm sorry. I filed a motion to dismiss, claiming and stating that there was no fiduciary duty I owed to him and that the allegations about false statements before Judge Garcia were certainly subject to race judicata. The court ruled and told Mr. McCarthy that he had leaved to replead the fiduciary duty count because she said basically lawyers do not have a responsibility to beneficiaries but if you can show me an exception, I want to hear it. And that makes good sense because if there is some reason why if for example I had signed a contract with him to preserve his rights as far as his trust is concerned maybe there is some other fact that would make the normal rule that says a lawyer has loyalty to his own client as opposed to a beneficiary make the normal rule stand aside. And as far as the false statement count, she struck it. She dismissed it with prejudice. Now, that's very important. She said Mr. McCarthy, bring me facts that makes me see there's an exception to a normal rule in terms of a lawyer's loyalty to his client. And as far as the false statement aspect, that's dismissed. It would seem to me that one would think at that point that you don't refer to the false statement allegation. And go do the research about the exception to the fiduciary duty allegation. Mr. McCarthy files an  verified complaint for inventory. Inventory accounting and so forth. And see he files this against Roslyn Taylor the trustee. None of the allegations in his various accounts pertain to me having a responsibility toward managing an account. Responsibility pertaining to anybody with respect to the trust. In the second complaint, the minute complaint, the only allegation against me was a duty to act with care. Which is reminiscent in derivative law is fiduciary duty in the first complaint. But if you look at the pleadings, you'll find that while he makes these blanket allegations he doesn't provide facts that will cause a court to attach that blanket allegation to actual activity on my part. He just makes the allegation. And by the way, along comes this other blanket allegation called interference with expectancy. Tortious interference with expectancy. Tortious interference with expectancy. Now that is a matter of fact as it turns out. Does exist as a cause of action. It truly does exist. But it's more than just naming it. It's more than just calling it out. You've got to come up with facts. He never did. And as it turns out, because it was just the name the court ignored that designation. Again, I file a motion to dismiss the minute complaint. Do you know what the plaintiff came back with in his response? That I breached my fiduciary duty and deprived him of his trust assets. Still without any factual support. Still disnaming a cause of action without providing the elements of it. First of all, establishing days of fiduciary duty to him. And then showing how I breached it. He didn't even show the annexes in the first place. The court then ordered that count five. Now see, this is where things get a little confused. Because I wish the court had dealt with the designations of the counts. The fiduciary duty count, the false pleading count. The court said that again, and she mentioned count five but it should have been count four. Again, Mr. McCarthy does not allege those special facts that provide for an exception that a lawyer's duty is to his client. She dismissed it. After all of that, now I don't want to give it short shrift in terms of time and very well mean that I need a few more minutes of it because I have some ground I want to cover. You have six more minutes, Mr. Green. Very good. But keep in mind we want to hear about Rule 137. Yes, okay, fine, fine. Well, let's get to that quickly then. And then the court was in the order of March 30, 2016 no basis in law for Mr. McCarthy to have filed count four, the fiduciary duty count. That was correct. So I filed a motion for the sanctions because I felt as I indicated at the outset that this could have been dealt with summarily by a lawyer with a modicum of research at the very beginning before the first filing ever took place. And I spent a lot of time on this. I could have hired a lawyer. You could have. You made a choice. I made a choice. And the reason I made a choice is because I felt I was involved in the situation from its outset. And it is your full right to do that. And I'm sure you were very eloquent. Let me ask you this question. When you made that decision you probably made a cost analysis. Oh, sure. Okay, so now Rule 137 says that we can award or a court can award expenses such as attorney's fees that are incurred. So I got that which I need to say I have to consider that language incurred and I also have to consider the Hammer case of the Illinois Supreme Court. And every case after that has followed Hammer and says that you as an attorney proceeding per se do not have a basis for recovering attorney's fees. So tell me how I get around those two things. Okay. Hammer is a Freedom of Information Act case. Yes, I understand that. And you seem not to care for the idea of lawyers receiving fees for filing per se. I'm not sure that there's a rationale there but I haven't put a lot of attention to it. But the fact is that Well, perhaps you should have. But some of the rationales might not apply in this situation. Well, if I may. The answer is a Rule 137 motion for sanctions. Let me find it in my brief. I think we all agree there's no Rule 137 case. Yes, there is. It doesn't address this issue. No, it's in my brief. Yes, ma'am. It says that an attorney proceeding per se can get a fee. I quoted it. Okay. Let me just find it. Okay. It's near the end. Okay. Oh, here we are. What page are you on? I'm starting with page 16, Remember 3, where I acknowledge the existence of Hammer and the cases that attempt or purport to follow it. Now, I also quote Well, first of all, I say that that is not the case in all cases. And I quote that per se lawyers cannot receive attorney's fees. That is not the case. The Department of Conservation versus I'm sorry, People versus Lawless. And I quote the case. You said the case is People versus Lawless. Yeah, it's the Department of Conservation, X-Ray, or People versus Lawless. That's what it is. I'm on page 17. 17. Trial court error in denying pro se attorney's fees with respect to incident litigation indicates the trial court has discretion to deal with expenses that are reasonable. And then further, I go down to Nagle versus Gerald then, and the quotations are near and brief, where the case while the court reversed the trial court's order of fees because they thought the dismissal was an error, but it said very clearly that 137, authorizing a warrant for reasonable attorney's fees is a sanction where a part or sign is appealing for improper purpose. Okay, but was that an attorney appearing pro se in that case? Alright, let's go further. Further, in the next paragraph beginning in the order of May 16 I talk about the letter and oh, Colony Rule Buildings, which have been cited earlier, where the court says there is no case law to suggest the Supreme Court intended for a party to pay no sanction for filing a frivolous claim just because the other party who is a lawyer proceeded pro se. Where are you at? He's on page 18. 18? 18? Yeah. Near the, just after the half of the paragraph. Oh, this is, you're quoting Judge Pant. Yeah, he's. No, no, no, that's quoting Central Rule Buildings, which are cited earlier, and that's of course going to be found in the table of citations. Counsel, I think you're quoting from Judge Pant where it says there is no case law to suggest that the Supreme Court. Oh, yes, that is correct. That's right, you're right, you're right. Okay. Yeah, you're right, you're right.  Incorrect there, and I think the reason why I was sort of vociferous about that is because if a lawyer chooses to represent himself and impose expenses and devotes time, which by the way was copiously, I think, recorded and set forth before Judge Pant. It seems arbitrary and unreasonable that he be not, he not be reimbursed and recompensed for that time, but that if he had hired a lawyer, he would be. That lawyer's time. My reason for not hiring a lawyer, as I said earlier, is I knew the case rather well, and to get a lawyer involved to come up to speed I foresaw would be an expense that would be I couldn't believe that the case was filed in the first place based on a fiduciary duty that didn't exist. Counselor, is this in the brief? Yes, it's all in the brief. It sounds like you're testifying. Oh, I'm just reiterating what I said in the brief. So. Counselor, can I interrupt you just for one second? Yes, please. Because Judge, I'm sorry, Judge Rochford made the, in Reading Rule 137 said that award of attorney's fees can be, or expenses such as attorney's fees that are incurred. Would you say that you incurred fees even, I mean, incurred costs even though you didn't pay a lawyer? No. Your time was taken. Yes, yes. Away from other people. Time was spent on this case was time I couldn't spend otherwise. But I felt I could spend it most expeditiously because I knew the case and I knew its squares and wherefores and its intricacies. If I would have gotten a lawyer involved at the time expense he would have incurred or I would have incurred by virtue of his activity would have been not much more than what I incurred personally. Yes, I had a practice. And that's what I'm not doing in terms of my practice is to the detriment of that practice. But I was trying to get it all worked out because I didn't want this to become unreasonably expensive when it had no basis for fact or law in the first place. My colleagues have any other questions? Counselor, your time is getting short. Okay. I think she was saying your time is short. It's even shorter. I commend to you please the briefs that I filed because it tends to try to clear up some of the confusion. Judge Panto did make a few It looks different. I heard her mention Pantolea. I thought it was Pantolea. I've been calling her Pantolea for years and she never corrected me. She's sweet that way. And also she got the counts mixed up. It would have been much better if she had said this count for fiduciary duty is dismissed or not dismissed. This count is for false proofing. But she's not using those memo's and it got mixed up. It does get confusing. Thank you very much. Thank you very much. I'll be brief. Your honors, it's our position that this case again is about a distribution of assets. Counsel spent a great deal of his time speaking about the original case, which we did not do. This is not about the technical aspects of the first case at all. These issues are very different, which is why res judicata as mentioned before does not apply. Neither in counsel's comments nor in any of the briefs or orders are the elements of res judicata met. Thus the motion for sanctions cannot stand. The motion for sanctions that was brought by counsel was related to a breach of fiduciary duty. That is not what is contained in Judge Pantley's order. Judge Pantley is clear in her corrected order and in her motion for reconsideration that she is awarding sanctions based on a tortious interference count. The two counts are not, as counsel mentioned, breach of duty and false pleadings. The two counts that were alleged against Mr. Gray are breach of fiduciary duty and tortious interference with economic expectancy. That is what is clear, and it is the tortious interference that was dismissed with prejudice that is now being resurrected, and Mr. McCarthy is being asked to award fees and costs for this motion for sanctions. Finally, as Mr. Gray just pointed out, the case law is absent on attorney's fees. He was reading from Country Builders, which basically stands for is the party that is asking for sanctions to bear the burden of presenting the case. He did not bear that burden. He presented a case that was related to fiduciary duty. It was Judge Pantley that brought the sanction argument as it related to tortious interference. Judge Pantley is very clear that there is no case law that supports attorney's fees. We respectfully request that your honors reverse the lower court's decision and deny counsel's motion for sanctions. Thank you. Thank you, counsel. This matter will be taken under fire. Thank you. We'll take a brief recess to have the other judge come in.